

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 11, 1966

Honorable Timothy D. Eyssen    Opinion No. C-650
County Attorney
Wichita Falls, Texas           Re:  Whether the exemption of
                                    farm machinery in Para-
                                    graph H of Sec. 140 of
                                    Article 6701d applies to
                                    a farm pickup or truck
Dear Sir:                           and related questions.

In your opinion request you state:

"Our office has met with a problem con-
cerning the enforcement of our motor vehicle
inspection law, and we respectfully request
your opinion concerning three aspects of the
above cited provision:

"1.  Does the exemption of farm machinery
as stated in Paragraph H apply to a farm pick-
up or truck which has been licensed as a farm
truck?

"2.  Would a Jeep which had been licensed
as a 'farm truck', and which was primarily
used on the farm, be exempt from the motor
vehicle inspection?

"3.  Would the determination of what ma-
chinery is 'farm machinery' be a fact deter-
mination for a jury or a question of law for
the judge?"

Article 6701d, Section 140(a), Vernon's Civil Statutes,
provides:

"It shall be the duty of the Texas Depart-
ment of Public Safety to require every owner
of a motor vehicle, trailer, semitrailer, pole
trailer or mobile home, registered in this
State, to have the brakes, lighting equipment,
horns and warning devices, mirrors, and wind-
shield wipers upon such vehicles inspected at
State-appointed inspection stations or by
State Inspectors as hereinafter provided, that

provisions relating to the inspection of trailers and semitrailers shall not apply when the gross weight of such trailers and semitrailers and the load carried thereon is four thousand (4,000) pounds or less. Only the brakes, lighting equipment, horns and warning devices, mirrors, and windshield wipers may be inspected and the owner shall not be required to have any other equipment or part of his motor vehicle inspected as a prerequisite for the issuance of said inspection certificate.

"(h) The provisions of this Act shall not apply to the vehicles referred to in paragraph (a) of this Section when moving under or bearing current 'Factory Delivery License Plates.' Nor shall the provisions of this Act apply to farm machinery, farm trailers, farm tractors, and motor vehicles of factory model 1935 or earlier, provided such motor vehicle is not driven on a federal or state highway, . . ." (Emphasis added.)

For the vehicles stated in your letter to be exempt from the provisions of Article 6701d, Section 140(a), Vernon's Civil Statutes, it would be necessary for them to fall within the exemptions provided in 6701d, Section 140(h), Vernon's Civil Statutes. Farm machinery would be the only place in this provision where these vehicles might be categorized so as to fall within this exemption.

No definition is given in Article 6701d, Vernon's Civil Statutes of the term farm machinery. Since your question deals with vehicles registered as farm trucks, we may get some help from Article 6675a-1, Vernon's Civil Statutes, which defines certain terms used in that section pertaining to the registration of vehicles. Section (r) thereof defines "implements of husbandry" as follows:

"(r) 'Implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck." (Emphasis added.)

In this definition passenger cars and trucks are specifically excluded from the term farm machinery. While it is true that

the definitions of one act do not necessarily conform with the definitions of another act, the similarity of definitions in Article 6675a-1 and Article 6701d can be seen by comparing the term "farm tractor" as defined in 6675a-1(e) which provides:

> "(e) 'Farm-tractor' means every motor vehicle designed and used primarily as a farm implement for drawing other implements of husbandry."

with the definitions of "farm tractor" in 6701d, Section 3(b), which provides:

> "(b) Farm Tractor. Every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry."

Article 6675a-2, Vernon's Civil Statutes, provides in part:

> "Every owner of a motor vehicle,...used or to be used upon the public highways of this state shall apply each year to the State Highway Department through the County Tax Collector. . . for the registration of each such vehicle. . . ."

Trucks and jeeps are motor vehicles.

Article 6675a-6a, Vernon's Civil Statutes, provides for the registration of commercial motor vehicles, used principally for farm purposes, and for a registration fee of 50% of the regular fee.

It is, therefore, the opinion of this office that the exemption of farm machinery from the motor vehicles safety inspection does not include a farm pickup or truck which the law requires to be registered as a farm truck.

It is also the opinion of this office that a jeep which the law requires to be registered as a farm truck and which is primarily used upon a farm, would not be exempt from the motor vehicle inspection requirement.

Finally, you are advised that a passenger car, jeep, or a truck, which is required by law to be registered and is registered as a farm truck must, as a matter of law, be

Honorable Timothy D. Eyssen, page 4 (C-650)


safety inspected and does not fall within the term farm machinery as that term is used in Article 6701d, Section 140 (h), Vernon's Civil Statutes.

Of course, a pickup, truck, or jeep which is used upon a farm exclusively and which is not used upon the public highways of this State would not be required to be registered and would not, therefore, be required to be safety inspected.

### SUMMARY

The exemption of farm machinery from the motor vehicle inspection requirement as stated in 6701d, Section 140(h), Vernon's Civil Statutes, does not, as a matter of law, include a farm pickup or truck or jeep which has been registered as a farm truck and which will primarily be used on the farm.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: ROBERT E. OWEN
ROBERT E. OWEN
Assistant Attorney General

REO/er/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Lonny F. Zwiener
Howard M. Fender
Gordan Cass
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright